UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:92-HC-654-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VICTOR B. PERKINS | ) | |

This matter is before the court on two pro se motions filed by respondent: (1) a 3 May 2010 "motion to vacate and dismiss civil commitment"[1] and (2) a 19 May 2010 "motion to subpoena answers[.]" There is also a pending motion to revoke respondent's conditional release, which is set for hearing on the court's 1 June 2010 calendar. The motion to revoke appears to be the focus of the two motions addressed in the instant order.

The 5/3/10 motion contends that respondent's conditional release may not be revoked on the violations alleged by the probation officer because respondent "was successful in a similar case that went before the Fourth Circuit Court of Appeals in the year 2001." The Fourth Circuit opinion to which respondent is referring held that

> a district court may revoke a conditional discharge if the following two conditions are met: (1) the person must have failed to comply with his prescribed regimen of medical, psychiatric, or psychological treatment; and (2) the court must conduct a hearing and determine whether in light of this failure the person's continued release would pose a risk to society.

United States v. Perkins, No. 00-4540, slip op. at 3 (4th Cir. May 1, 2001) (unpublished) (citing United States v. Woods, 995 F.2d 894, 896 (9th Cir. 1993)). The Fourth Circuit also held that, in

---

[1] The motion states that it is filed "by [respondent']s Power of Attorney, Norfleta Perkins[,]" and is signed by Norfleta Perkins rather than by respondent. This court has previously noted that 18 U.S.C. § 4247(h) permits only a respondent's counsel . . . or his legal guardian" to file a motion for a discharge hearing, and that neither respondent nor Norfleta Perkins has provided any basis for finding that Norfleta Perkins is respondent's legal guardian. (1/29/03 Order at 1.) However, rather than deny the instant motion on this basis, the court has elected to consider the motion.

order to find good cause to revoke a conditional release, the court may only consider evidence which is sufficiently reliable. Id. at 3-5. Notably, the Fourth Circuit did not find that the alleged violations were *per se* insufficient to support a revocation, as respondent appears to contend. Furthermore, as noted above, a hearing is set for 1 June 2010, at which time both the government and respondent may present evidence relevant to the alleged violations of conditional release. Respondent's additional contentions regarding the length of his commitment and the "unconstitutional[ity of § 4246] due to the circumstances that there are no sentencing guidelines for violators of the court ordered conditional releases[,]" (5/3/10 Mot. at 2-3), are without merit and/or have been addressed by previous orders of the court. See 9/12/07 Order at 2 (noting "that respondent's commitment is civil in nature rather than criminal, . . . and therefore the Sentencing Guidelines would have no application to the terms of respondent's commitment." Accordingly, the 5/3/10 motion is DENIED.

With regard to respondent's 5/19/10 motion, it appears respondent seeks to compel responses to interrogatories from a staff psychiatrist at FMC-Butner and from respondent's court-appointed counsel. The court has considered the interrogatories and the grounds put forth in the motion, and concludes that the interrogatories are unlikely to lead to the discovery of any evidence that would be relevant or admissible in respondent's upcoming hearing, and the motion is DENIED.

This 24 May 2010.

_____
W. Earl Britt
Senior U.S. District Judge