UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:92-HC-654-BR

UNITED STATES OF AMERICA,          )
                                   )
         Petitioner,               )
                                   )
    v.                             )              ORDER
                                   )
VICTOR PERKINS,                    )
                                   )
         Respondent.               )

This matter is before the court on respondent's 26 March 2012 *pro se* motion "to release movant upon his own personal recognizance" (Mot., DE # 194, at 1). On 6 November 1992, respondent was committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246(d).[1]

Once an individual has been committed pursuant to 18 U.S.C. § 4246(d), there are only two methods by which that person may be deinstitutionalized. Under one method, the director of the facility in which the respondent is hospitalized may file a certificate with the court stating that the respondent is no longer in need of care:

> When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment.

18 U.S.C. § 4246(e). The other method by which a person may be deinstitutionalized is set forth in 18 U.S.C. § 4247(h):

---

[1] The court notes that respondent has been conditionally released on several occasions since his initial commitment, but each conditional release was subsequently revoked.

> Regardless of whether the director of the facility in which a person is hospitalized has filed a certificate pursuant to [18 U.S.C. § 4246(e)], counsel for the person or his legal guardian may, at any time during such person's hospitalization, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . .

Here, respondent himself filed the motion for discharge. However, as demonstrated above, only the respondent's attorney or guardian may formally request a hearing to determine whether the respondent should continue treatment in a psychiatric facility in the absence of a certificate from the director of the facility. The respondent himself may not make such a request *pro se*, nor may the district court conduct such a hearing *sua sponte*. See United States v. Hunter, 985 F.2d 1003, 1006 (9th Cir.), vacated as moot, 1 F.3d 843 (9th Cir. 1993); United States v. Logsdon, No. 06-10003-MLB, 2012 WL 359903, at *1 (D. Kan. Feb. 2, 2012); United States v. Nakamoto, 2 F. Supp. 2d 1289, 1290 (D. Haw. 1998). Furthermore, the court notes that after respondent filed the instant motion, respondent's attorney filed a motion on 2 April 2012 in order to request a hearing. (DE # 195.) The hearing is scheduled to take place on 2 August 2012. (DE # 196.) Thus, for the foregoing reasons, respondent's *pro se* motion for release on his own recognizance (DE # 194) is DENIED.

Also before the court is respondent's 19 April 2012 *pro se* motion for summary judgment (DE # 197). Having fully considered the motion, it is DENIED.

This 21 May 2012.

_____
W. Earl Britt
Senior U.S. District Judge